# EXHIBIT 1

<mark>



# Declaration of Henrique Salinas

I, Henrique Salinas, declare the following about Mr. Paulo Murta and my involvement with his case. I am a lawyer and partner in the CCA Law Firm, based in Portugal. Attached as Exhibit 1 to this declaration is my curriculum vitae. I have represented Paulo Murta since the beginning of 2018.

On March 20, 2018, I attended an interview with Mr. Murta in Portugal. We went because Mr. Murta had been notified that he was required to appear at a specific criminal investigations office on that date. Under Portuguese law, Mr. Murta was required to attend that meeting. When a person is a witness in a criminal investigation, rather than a suspect, the person is required to attend the meeting, and the person can even be arrested in case of non-appearance. If the person does not appear, the person is committing a crime. Neither Mr. Murta nor I knew the reason for this particular meeting. All we knew is that the meeting was not related to any ongoing Portuguese investigation, because the law would have required the authorities to provide me, as his attorney, with advance notice if the inquiry was about the pending investigation.

The March 20 meeting began in the morning and lasted through the afternoon. It was led by two American Special Agents, although other people, including a Portuguese prosecutor, were also present. The American agents led the meeting and asked all the questions. The meeting began with a very short explanation that these two agents were from Houston, Texas. The agents also explained that Mr. Murta was called there to give his statement as a witness. No one advised Mr. Murta that he could remain silent or that his answers could be used against him in court. Several times throughout the meeting, the American agents said that they wanted Mr. Murta's help. The agents said, multiple times, that Mr. Murta was neither the subject nor the target of any investigation; he was only a witness. They repeated that statement at the end of the meeting.

Under Portuguese law, if authorities request that a person make a statement as a defendant, the written request must specify that. The formal letter presented to Mr. Murta did not so indicate, and I had

no reason to believe that Mr. Murta was a subject or target of the investigation the agents were asking about. The American agents' repeated statement that Mr. Murta was merely a witness confirmed that belief. Had anyone told us that Mr. Murta was more than just a witness, the entire meeting would have been different. Under Portuguese law, I would have been entitled to ask, and receive an answer, as to whether Mr. Murta was a suspect. If they said yes, I would have been entitled to request for him the formal status of "defendant," which would have required the authorities to disclose all evidence against him and to clarify all the factual allegations against him. That designation also would have entitled Mr. Murta to be notified that he could refuse to answer their questions. And under Portuguese law, if the authorities later decide to designate a person a defendant after having taken a witness statement from him, they cannot use his prior witness statement as evidence against him.

Under Article 58 of the Portuguese Code of Criminal Procedure, it is mandatory that a person be formally given the status of defendant as soon as he makes statements during an inquiry against him when there are grounds to suspect that he committed a criminal offense. Under Article 59(1), if during an interview with a person other than a defendant, grounded suspicions arise that the person committed a criminal offense, the authority conducting that interview must immediately suspend the interview and proceed to the communication and advice in Article 58. If those rules are not followed, Article 58 prohibits the use of the person's statements as evidence. That did not happen at any time during Mr. Murta's interview with American agents on March 20, 2018. Even at the end of the meeting, the American agents reiterated that Mr. Murta was merely a witness.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this date: _Lisbon, 21th February_

Signature: _[signature]_



# HENRIQUE SALINAS

## PARTNER OF THE CRIMINAL & COMPLIANCE AREA

FOR MORE THAN 20 YEARS, HENRIQUE SALINAS HAS ACCUMULATED PROFESSIONAL EXPERIENCE AS A LAWYER AND AS A TEACHER, SPECIALIZED IN THE AREAS OF COMPLIANCE, CRIMINAL PROCEDURE, ECONOMIC CRIMINAL LAW, ADMINISTRATIVE OFFENSES AND REGULATION. IS RECOGNIZED AND HIGHLY PRAISED BY CLIENTS FOR HIS WORK IN HIGH PROFILE CRIMINAL CASES. HENRIQUE IS ALSO A SPECIALIST IN BANK LITIGATION AND FINANCIAL SERVICES DISPUTES, WITH A RELEVANT EXPERIENCE IN INTERNATIONAL PROCESSES. OVER THE YEARS, HAS DEVOTED HIMSELF TO THE DEVELOPMENT AND IMPLEMENTATION OF CRIMINAL COMPLIANCE BUSINESS PROGRAMS. SINCE 2019 HE HAS BEEN ONE OF THE TRAINING STAFF OF THE JUDICIAL STUDIES CENTER (CEJ).

## PROFESSIONAL EXPERIENCE

**PARTNER OF THE CRIMINAL AND COMPLIANCE AREA**
CCA LAW FIRM | CURRENTLY

**COORDINATOR OF THE MASTER OF LAW - LITIGATION**
LISBON SCHOOL OF LAW - PORTUGUESE CATHOLIC UNIVERSITY | 2005 - UNTIL NOW

**ASSISTANT PROFESSOR OF CRIMINAL LAW AND CRIMINAL PROCEDURE LAW**
LISBON SCHOOL OF LAW - PORTUGUESE CATHOLIC UNIVERSITY | 1991 - UNTIL NOW

## ACADEMIC EDUCATION

**PHD IN LAW**
LISBON SCHOOL OF LAW - PORTUGUESE CATHOLIC UNIVERSITY | 2012 - LISBON

**MASTER IN LAW**
LISBON SCHOOL OF LAW - PORTUGUESE CATHOLIC UNIVERSITY | 1998 - LISBON

**LAW DEGREE**
FACULTY OF HUMAN SCIENCES OF THE PORTUGUESE CATHOLIC UNIVERSITY | 1991 - LISBON

## CONTACTS

HS@CCA.LAW

## SOCIAL NETWORKS

in /HENRIQUESALINAS

cca LAW FIRM

**Exhibit 1 to Declaration**



## PUBLICATIONS

**"ALGUMAS QUESTÕES SOBRE AS NULIDADES DO PROCESSO DE DESPEDIMENTO"**
RDES, ANO XX, Nºs 1-2-3, 1992, PP. 19-62

**"CRITÉRIOS DE DISTINÇÃO ENTRE A ANULABILIDADE E A NULIDADE DAS DELIBERAÇÕES SOCIAIS NO CÓDIGO DAS SOCIEDADES COMERCIAIS"**
DIREITO E JUSTIÇA, VOLUME VII, TOMO 2, 1994, PP. 211-259

**"LA CRIMINALISATION DU COMPORTEMENT COLLECTIF - PORTUGAL" (CO-AUTHORSHIP WITH JOSÉ LOBO MOUTINHO)**
AA.VV, LA CRIMINALISATION DU COMPORTEMENT COLLECTIF, THE LANGUE: KLUWER LAW INTERNATIONAL, 1996, PP. 311-343

**"A COMPARTICIPAÇÃO EM CRIMES ESPECIAIS NO CÓDIGO PENAL"**
LISBOA, UNIVERSIDADE CATÓLICA PORTUGUESA, 1999

**"BREVE NOTA SOBRE O CONCEITO DE DETENÇÃO EM FLAGRANTE DELITO POR ENTIDADE POLICIAL EM PRESSUPOSTO DO PROCESSO SUMÁRIO"**
I CONGRESSO DE PROCESSO PENAL, COIMBRA, ALMEDINA, PP. 91-96

**"O ARTIGO 25.º DO ESTATUTO DE ROMA. PRIMEIRAS NOTAS"**
DIREITO E JUSTIÇA, VOLUME ESPECIAL, 2006, PP. 67-80

**COMENTÁRIO AO ART. 32.º (CO-AUTHORSHIP WITH GERMANO MARQUES DA SILVA)**
JORGE MIRANDA/RUI MEDEIROS, CONSTITUIÇÃO PORTUGUESA ANOTADA, COIMBRA: COIMBRA EDITORA, TOMO I, 2010, 2.ª ED., PP. 702-743

**OS LIMITES OBJECTIVOS DO NE BIS IN IDEM**
LISBOA, UNIVERSIDADE CATÓLICA EDITORA, 2014

**COMENTÁRIOS AOS ARTIGOS 31.º E 32.º (CO-AUTHORSHIP WITH JOSÉ LOBO MOUTINHO.)**
AA.VV, LEI DA CONCORRÊNCIA, COMENTÁRIO CONIMBRICENSE, COIMBRA: ALMEDINA, PP. 329-362

## CONTACTS

HS@CCA.LAW

## SOCIAL NETWORKS

in /HENRIQUESALINAS

cca LAW FIRM

## LANGUAGES

**ENGLISH**

**FRENCH**

**GERMAN**

**SPANISH**

**Exhibit 1 to Declaration**