# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:17-CR-000514** |
| | § | |
| **PAULO JORGE DA COSTA** | § | |
| **CASQUEIRO MURTA** | § | |

## UNITED STATES MOTION TO STAY ORDER
## DISMISSING CHARGES AGAINST DEFENDANT

The government respectfully requests that this Court stay execution of its order dismissing the charges against Paulo Jorge Da Costa Casqueiro Murta ("Murta" or the "Defendant") in the Superseding Indictment (ECF 470) until seven days after the issuance of its Memorandum Opinion and Order on the Motion to Dismiss or its Memorandum Opinion and Order on the Motion to Suppress, whichever is later. . Alternatively, the United States respectfully requests that this Court stay execution of the dismissal order for 14 days in order to allow it adequate time to request a longer stay from the Fifth Circuit.

"Given the drastic consequences if [a] Court erred in granting" dismissal of an indictment, it is appropriate to stay a dismissal order "in order to give the Government an opportunity to consider its options" regarding potential appeal.[1] *United States v. Schlor*, No. CR-01-360-RHW, 2008 WL 4949037, at *6 (C.D. Cal. Nov. 14, 2008) (stay of indictment dismissal on speedy trial grounds). Indeed, district courts dismissing indictments over the government's objection

---

[1] As with all appeals by the United States in criminal matters, the United States Solicitor General has the authority to "[d]etermin[e] whether, and to what extent, appeal[ ] will be taken by the Government." 28 C.F.R. § 0.20(b). Consistent with that authority, the Fraud Section and the United States Attorney's Office for the Southern District of Texas will begin working as expeditiously as possible after the Court issues its Memorandum Opinion and Orders to obtain authorization for appellate review.

frequently enter such stays to allow for appellate review. For example, after ordering dismissal of an indictment on selective prosecution grounds, the United States District Court for the Eastern District of Virginia stayed its order "pending the United States' appeal to the United States Court of Appeals for the Fourth Circuit." *United States v. Olvis*, 913 F. Supp. 451, 457 (E.D. Va. 1995). Similarly, after dismissing an indictment on statute of limitations grounds, the United States District Court for the Western District of Tennessee stayed dismissal for approximately 60 days. *United States v. Titterington*, No. CR. 2-20165, 2003 WL 23924932, at *2 (W.D. Tenn. May 22, 2003). Likewise, the United States District Court for the Southern District of New York stayed its dismissal order for approximately 18 days "[i]n order to give the Court of Appeals a reasonable opportunity to schedule the [anticipated] appeal" by the United States. *United States v. Johnson*, No. 98 CR. 880 (WK), 1998 WL 841491, at *2 (S.D.N.Y. Dec. 3, 1998), *rev'd on other grounds*, 171 F.3d 139 (2d Cir. 1999); *but see United States v. Figueroa-Taveras*, No. 02 CR. 333 (RPP), 2002 WL 31749390, at *2 (S.D.N.Y. Dec. 6, 2002) (pending appeal deprived district court of jurisdiction to stay dismissal of indictment).

Here, as in the cases above, the "drastic consequences" if this Court erred in ordering dismissal of the charges against Murta militate in favor of a stay. Murta is charged for his role in a sprawling foreign bribery and money laundering scheme. Society has a significant interest in those charges being adjudicated. If this Court erred in dismissing the indictment and no stay is granted, those societal interests will be thwarted. Murta was extradited to the United States by Portugal after a lengthy process of appeals to multiple European courts – a process that took over two years. He has no legal status in the United States. If the dismissal order is not stayed, he is likely to leave of his own volition or be deported to Switzerland or Portugal in the near future. In the event that Murta returns to Switzerland, it is unlikely that the Swiss authorities would extradite

him to the United States.[2]  If Murta returns to Switzerland, and the Fifth Circuit ultimately rules that this Court erred in dismissing the charges against Murta, the societal interest in his prosecution will be frustrated.  Indeed, the Fifth Circuit recognized the drastic consequences of dismissal in granting a stay of this Court's dismissal of the charges in the superseding indictment on July 11, 2022.

This Court should stay execution of its dismissal order until seven days after the issuance of its Memorandum Opinion and Order on the Motion to Dismiss or the Motion to Suppress, whichever is later or,, alternatively, stay execution of the order for 14 days to allow adequate time for the United States to seek a longer stay from the Court of Appeals.

Respectfully submitted,

GLENN S. LEON                          ALAMDAR HAMDANI
CHIEF                                          U. S. ATTORNEY
Fraud Section                              Southern District of Texas
Criminal Division
United States Department of Justice

*/s/ Sonali D. Patel*                         */s/ Robert S. Johnson*
SONALI D. PATEL                          ROBERT S. JOHNSON
ASSISTANT CHIEF                         ASSISTANT UNITED STATES
MARIHUG P. CEDEÑO                    ATTORNEY
MICHAEL C. DILORENZO
TRIAL ATTORNEYS

Fraud Section, Criminal Division     U.S. Attorney's Office
U.S. Department of Justice             Southern District of Texas
1400 New York Avenue, N.W.         1000 Louisiana, Ste. 2300
Washington, D.C.  20530               Houston, TX 77002
Tel:    (202) 514-1106                    Tel:    (713) 567-9385

---

[2] Although Murta signed a "Waiver of Extradition" (DE 291), that waiver is unlikely to be enforced by Swiss authorities.

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 17, 2023, I filed the foregoing motion with the Clerk of the

Court using the ECF/CM system for filing and service on all counsel of record.

_/s/ Sonali D. Patel_____
Sonali D. Patel
Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice